UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:22-cr-20299

v.                                          Honorable Thomas L. Ludington
                                                 United States District Judge

BASHAR KIAMI,

                                                 Honorable Patricia T. Morris
        Defendant.                    United States Magistrate Judge
_____/

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO TERMINATE
SUPERVISED RELEASE**

Before this Court is Defendant Bashar Kiami's unopposed Motion to Terminate his Supervised Release. As explained below, the relevant factors favor terminating Defendant's remaining few months of supervised release. So Defendant's Motion will be granted.

**I.**

For years, Defendant Bashar Kiami owned a solo medical practice in Grayling, Michigan. *See* ECF No. 12 at PageID.22. But from 2014–2017, Defendant underreported his practice's business income in its corporate tax returns. *Id.* And because Defendant solely owned this practice, his Form 1040s—his personal tax returns—also underreported his individual income. *Id.* So on June 6, 2022, the Government charged Defendant with one count of tax evasion under 26 U.S.C. § 7201, ECF No. 1, to which Defendant pleaded guilty on July 22, 2022, ECF No. 12.

After pleading guilty, Defendant was sentenced to eight months of imprisonment followed by two years of supervised release. ECF No. 27. Defendant was also ordered to pay restitution and various fines and assessments, *id.* at PageID.165, which he has since paid, *see* ECF No. 30 at

PageID.183. Defendant served his term of imprisonment and was released "on or about January 4, 2024," at which point he began his term of supervised release. ECF No. 32 at PageID.223.

On June 6, 2025, after serving approximately 17 months of his 24-month term, Defendant filed a motion to terminate his supervised release under 18 U.S.C. § 3583(e)(1). *See generally id.* Neither the Government nor Defendant's Probation Officer opposes his Motion.[1] *See id.* at PageID.223–24.

## II.

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a supervised release and discharge the defendant released . . . after one year of supervised release" if the court "is satisfied that such action is warranted by" the defendant's conduct and "the interest of justice." "Early termination of supervised release is a discretionary decision . . . warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). And a court may do so only after considering an enumerated list of sentencing factors: those listed "in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."[2] These factors require courts to consider the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[1] Defendant's Probation Officer emailed this Court confirming that she does not object to the termination of Defendant's supervised release because Defendant is a "low-risk case," has complied with all conditions of supervised release, and paid his restitution and fines in full. This email is on file with the Court.

[2] Importantly, § 3583(e)(1) omits § 3553(a)(2)(A) as a relevant factor—which directs courts to consider "the need for the sentence imposed" "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" at sentencing. And "[t]he omission of § 3553(a)(2)(A) from the list of factors [in § 3583(e)] means that courts may not consider it" when deciding whether to revoke, terminate, or otherwise modify a term of supervised release. *Esteras v. United States*, No. 23-7483, 2025 WL 1716137, at *7 (U.S. June 20, 2025).

>(2) the need for the sentence imposed—
>
>. . . .
>
>>(B) to afford adequate deterrence to criminal conduct;
>>
>>(C) to protect the public from further crimes of the defendant; and
>>
>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>. . . .
>
>(4) the kinds of sentence and the sentencing range established for—
>
>. . . .
>
>(5) any pertinent policy statement—
>
>. . . .
>
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III.

On balance, the factors favor terminating Defendant's supervised release. Each is addressed in turn below.

Start with the first two—the Defendant's history and nature of his offense and "the need for the sentence imposed" to (1) deter criminal conduct, (2) protect the public from Defendant's further criminal conduct, and (3) educate, train, or treat Defendant. True, on the one hand, Defendant's completion of the final months of his supervised release could potentially serve as a deterrent, as it may discourage the Defendant from committing financial crimes in the future. And in many ways, Defendant has simply done what is expected of him. *See United States v. Laughton*, 658 F. Supp. 3d 540, 545 (E.D. Mich. 2023) (noting that, generally, doing what is expected of a convicted felon serving a sentence is not "exceptional" and does not weigh in favor of release).

But on the other hand, Defendant's case is classified as "low risk," and Defendant has complied with all conditions of supervised release for 17 months. *See supra* n.2. This financial

crime was his first conviction, for which he took responsibility, and he has no criminal history, history of substance abuse, or history of violence. *See* ECF No. 19 at PageID.125, 133 (sealed). Relatedly, the Defendant's lack of a criminal history, absence of violence, and compliance with release conditions suggest that continued supervised release minimally protects the public from the Defendant's further criminal conduct—if at all. Further, continued supervised release does little to educate, train, or treat Defendant, who holds a doctoral degree, and his supervised release conditions do not include treatment or educational programs. *See generally* ECF No. 27 at PageID.162–63. All said, the first two factors slightly favor terminating Defendant's supervised release.

The third factor is "the kinds of sentence and the sentencing range established for [Defendant's offense]." 18 U.S.C. § 3553(a)(4). According to the relevant statute and sentencing guidelines, the Defendant's term of supervised release ranged from one year to three years. *See* 18 U.S.C. § 3583(b)(2); *see also* U.S.S.G. § 5D1.2(a)(2); ECF No. 19 at PageID.131 (sealed). And Defendant has served 17 months—over 70% of his two-year term—which falls within the applicable range. Thus, the third factor slightly favors release.

The fourth factor is "any pertinent policy statement" that is (1) "issued by the Sentencing Commission" and (2) "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5). But Defendant does not identify any pertinent policy statement, and this Court is unaware of any. So the fourth factor is neutral.

The fifth factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6). Like the fourth factor, Defendant does not address this factor. *See generally* ECF No. 32. Even so, there is no apparent sentencing disparity if Defendant's supervised release is continued or terminated.

Indeed, Defendant's two-year supervised release term fell within the applicable guideline range of one year to three years. *See* 18 U.S.C. § 3583(b)(2); *see also* U.S.S.G. § 5D1.2(a)(2); ECF No. 19 at PageID.131 (sealed). And if Defendant's supervised release were terminated today after 17 months of service, he would likewise have served a term within the applicable guideline. So either way, the term would be "presumptively reasonable" without posing a glaring disparity that needs rectification. *United States v. Jeter*, 721 F.3d 746, 757 (6th Cir. 2013) ("A sentence falling within the Guidelines range is presumptively reasonable; one falling outside the Guidelines range carries no such presumption."). Thus, this factor is neutral.

Finally, the sixth factor is "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Defendant was ordered to pay over $74,000 in restitution and fines, *see* ECF No. 27 at PageID.165, which he has fully paid, *see supra* n.2. Thus, this factor strongly favors terminating Defendant's supervised release.

In sum, the relevant factors largely favor terminating Defendant's remaining months of supervised release. And the lack of opposition from the Government or Defendant's Probation Officer further supports doing so. As a result, Defendant's Motion to Terminate his Supervised Release, ECF No. 32, will be granted.

### IV.

Accordingly, it is **ORDERED** that Defendant Bashar Kiami's Motion to Terminate Supervised Release, ECF No. 32, is **GRANTED** and his supervised release is **TERMINATED**.

Dated: June 30, 2025                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge